IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIE E. CHATMAN, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-16-297 |
| WARDEN DOVEY, et al. | * | |
| Respondents. | * | |

**MEMORANDUM OPINION**

On February 1, 2016, Petitioner Willie Chatman filed the instant 28 U.S.C. § 2254 habeas corpus petition attacking his 2012 convictions and sentences on drug offenses entered in the Circuit Court for Washington County, Maryland. (ECF Nos. 1, 4). Respondents Warden Dovey and the Attorney General of the State of Maryland filed an Answer on April 20, 2016. (ECF No. 8). Although afforded additional time to file a Reply, Chatman has not done so. The Court finds no need for an evidentiary hearing. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D. Md. 2016); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (holding that district court did not err in refusing to grant habeas petitioner a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the Petition will be denied and dismissed with prejudice.

**I.   BACKGROUND**

**A.   State Court Proceedings**

Chatman was charged in the Circuit Court for Washington County with multiple counts of possession of a controlled dangerous substance ("CDS") and possession with intent to distribute CDS, based upon evidence that was seized during the search of Chatman's apartment.

(ECF Nos. 8-1, 8-2).  Chatman's motion to suppress the evidence, heard on March 22, 2012, was denied by Circuit Court Judge Daniel Dwyer on April 4, 2012.  (Id.).  On May 12, 2012, Chatman's case was tried before a jury, Circuit Court Judge Kenneth Long presiding.  At the conclusion of trial, the jury found Chatman guilty of four counts of possession of CDS and two counts of possession of CDS with the intent to distribute.  (ECF Nos. 8-1, 8-3, 8-7).  Chatman was sentenced to a cumulative twenty-year term of confinement.  (ECF No. 8-1).

In a counseled direct appeal, Chatman raised claims of: trial court abuse of discretion for the failure to investigate a juror asking the rest of the jury, before evidence had been presented, "how can he be not guilty;" trial court lack of subject matter jurisdiction to order the forfeiture of Chatman's property; and trial court error in determining that sufficient probable cause supported the search of the specific residence named in the search warrant.  (ECF No. 8-4).  The Court of Special Appeals of Maryland reversed the trial court's forfeiture order, but otherwise affirmed Chatman's judgment of conviction.  (ECF No. 8-7).  Chatman only sought further review of one question in the Court of Appeals of Maryland, going to his juror misconduct claim.  He posed the following question:

> Under Johnson v. State, 423 Md. 137 (2011), in which this Court said, "the [trial] court has a duty to fully investigate allegations of juror misconduct before ruling on a motion for a mistrial, and that failure to conduct a voir dire examination of the jurors before resolving the issue of prejudice is an abuse of the trial judge's discretion," is "juror misconduct" limited to misconduct between "a juror and a witness, defendant or third party," as the Court of Special Appeals held, or does it extend to instances of misconduct between jurors, i.e. when, as here, one juror asked the rest of the jury before deliberation "how can he be not guilty?"

(ECF No. 8-8).

On July 21, 2014, the Court of Appeals denied Chatman's request for further review.  (ECF No. 8-9).

2

Chatman instituted state post-conviction proceedings on October 28, 2014. (ECF Nos. 8-1, 8-9, 8-10). He raised claims for ineffective assistance of counsel and due process violations. (ECF Nos. 8-9, 8-10). A hearing was held on April 1, 2015. (ECF No. 1). On May 5, 2015, the Circuit Court issued a statement of reasons for denying the petition. (ECF No. 8-10). The decision became final thirty days later, before Chatman's June 10, 2015 application for leave to appeal was filed. (ECF No. 8-11). On August 13, 2015, the appeal was dismissed as untimely by the Court of Special Appeals of Maryland. (ECF No. 8-12).

## II.   DISCUSSION

**A.   Analysis**

### 1.   Procedurally Defaulted Claims

Chatman asserts three claims: (1) the trial judge abused his discretion when he neglected to fully investigate the allegation of juror misconduct; (2) the trial court erred in determining there was probable cause to support the search of the residence named in the search warrant; and (3) the sentencing guidelines applied to his case were incorrect. (ECF No. 1 at 6; ECF No. 4 at 6). Respondents argue that Chatman's second and third claims are procedurally defaulted for failure to exhaust administrative remedies. (ECF No. 8 at 10).

Chatman must exhaust all available remedies in Maryland state courts before he can apply for federal habeas relief. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing 28 U.S.C. § 2254(b)(1)(A) (2000)). This means that Chatman must offer Maryland state courts an adequate opportunity to address his constitutional claims, see id., and present his claims to the Court of Appeals of Maryland, Maryland's highest court, see Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994) (denying claims on exhaustion principles because claims were not raised on direct appeal to the Virginia Supreme Court).

The Court may not consider a procedurally defaulted claim in a petition for habeas corpus absent a showing of cause and prejudice or actual innocence. See Murray v. Carrier, 477 U.S. 478, 494–95 (1986); Wainwright v. Sykes, 433 U.S. 72, 86 (1977). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of the petitioner's claims to prevent a fundamental miscarriage of justice. See Schlup v. Delo, 513 U. S. 298, 314 (1995); Bostick v. Stevenson, 589 F.3d 160, 164 (4th Cir. 2009). The miscarriage of justice standard is directly linked to innocence. Schlup, 513 U.S. at 320. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. Id. at 315. The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U. S. at 496.

Chatman was afforded the opportunity to respond to Respondents' Answer, but has not done so. He does not and cannot show that his claims regarding the search warrant and sentencing guidelines were previously argued to all appropriate courts in Maryland. The Court finds those claims are procedurally defaulted for failure to exhaust administrative remedies and further finds there is no reason to excuse the default.

    **2.**    **Claim Asserting Failure to Investigate the Allegation of Juror Misconduct**

        **a.**    **Standard of Review**

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute, 28 U.S.C. § 2254, sets forth a "highly deferential standard for evaluating state-court rulings." Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997); see also Bell v. Cone, 543 U.S. 447 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citation omitted).

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]."  Williams v. Taylor, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis under 2254(d)(1),  a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Thus, "an unreasonable application of federal law is different from an incorrect application of federal law."  Id. at 785.

Further, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  Wood v. Allen, 558 U.S. 290, 301 (2010).  "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts.  Id.  "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent

judgment that the relevant state-court decision applied established federal law erroneously or incorrectly."  Renico v. Lett, 559 U.S 766, 773 (2010).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part."  Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).  This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)."  Id. at 379.

### b.    Analysis

Chatman alleges trial court error, claiming that Judge Long failed to fully investigate one juror asking the rest of the jury, before evidence had been presented, "How can he be not guilty?"  The Court observes that Chatman does not allege that this claim violated a federal constitutional right or federal law.  The federal habeas statute authorizes a federal court to entertain a state prisoner's habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Absent violation of a Federal constitutional right, a habeas petitioner fails to state a cognizable claim for relief.  Wilson v. Corcoran, 131 S.Ct. 13, 14 (2011) (per curiam) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law"); Spencer v. Murray, 18 F.3d 237, 239–40 (4th Cir. 1994) (no federal claim was stated when petitioner complained about the admissibility of evidence, without citing any constitutional provision or mentioning any constitutional right that was infringed).

Assuming that Chatman's claim is cognizable here, the Court finds no basis for habeas relief. The Sixth Amendment guarantees the criminally accused a fair trial by a panel of impartial jurors. See Irvin v. Dowd, 366 U.S. 717, 722 (1961). Due process requires that the defendant be tried by "a jury capable and willing to decide the case solely on the evidence before it." Smith v. Phillips, 455 U.S. 209, 217 (1982). Jurors are objectionable if they have formed such deep and strong impressions that they will not listen to testimony with an open mind. Irvin, 366 U.S. at 722 n.3.

The Court of Special Appeals concluded that the trial court conducted a sufficient inquiry into the juror's alleged behavior and resolved the questions at issue before exercising its discretion to deny Chatman's motion for mistrial. The trial judge ascertained that the trial could continue and found that there was no evidence of misconduct such that a fair and impartial trial could not be conducted under the circumstances. (ECF No. 8-7, pp. 9-18). Based upon a review of the trial transcript (ECF No. 8-3 at 108–119) and the decision of the Court of Special Appeals (ECF No. 8-7), the Court finds no basis for relief under § 2254(d) or § 2254(e).

### III.   CONCLUSION

Upon review of Chatman's Petition for Writ of Habeas Corpus (ECF Nos. 1, 4), the response along with the exhibits submitted, the Court determines that Chatman is not entitled to federal habeas relief. There is no basis upon which to find constitutional deficiencies in the state court proceeding and Chatman has failed to rebut the presumption of correctness of the findings of fact underlying the rejection of his ground for post-conviction relief.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability will be denied.  See 28 U. S.C. § 2253(c)(2).  A separate order follows.

Entered this 30th day of November, 2016

/s/
_____
George L. Russell, III
United States District Judge